**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| JOHN WADSWORTH, | : | Civil Action |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| DANA CORPORATION, | : | |
| | : | |
| and, | : | |
| | : | |
| TORQUE TRACTION MANUFACTURING, INC., | : | |
| | : | |
| Defendants. | : | No. 2:04-CV-5538 |
| | : | |

**COMBINED OPPOSITION BY DEFENDANTS TO THE MOTION OF THE LAW FIRM OF WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP AND THOMAS BUTLER TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Defendants Dana Corporation and its subsidiary Torque Traction Manufacturing, Inc., ("Dana") oppose the Motion by the law firm of Weber Gallagher Simpson Stapleton Fires & Newby LLP ("Weber Gallagher") and Thomas Butler to Withdraw as Counsel for Plaintiff (collectively "the Weber Gallagher Motion") (Docket No. 35). In addition, and possibly rendering moot the Weber Gallagher Motion, Defendants this same date move for dismissal of this case as the underlying claim has been discharged and expunged in the Bankruptcy Court for the Southern District of New York. *See In re Dana Corporation, et al.,* Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. 2006). An injunction order of that Court under the Federal Bankruptcy Code precludes Mr. Wadsworth from advancing his claims on the merits.

The Weber Gallagher Motion is essentially a request to withdraw because Weber Gallagher had an internal problem with one of its former partners.[1] Unfortunately, some of the conduct that Webber Gallagher levels against former partner, and Plaintiff's counsel of record, Thomas Butler, is inextricably intertwined with the record of this case. To allow that firm to "walk away" from a case and the record that one of its attorneys it is largely responsible for creating is not in the interest of justice nor the Parties. The Weber Gallagher Motion, which does not evidence Mr. Wadsworth's consent, is not a proper basis for making Mr. Wadsworth an unrepresented party under Local R. Civ. P. 5.1(c).

This is not a typical motion to withdraw. On January 19, 2006, Chief Magistrate Judge M. Faith Angell issued a Report and Recommendation ("Report and Recommendation") to dismiss this case, with prejudice, as a discovery sanction. (Docket No. 30 and attached as Exhibit A). That matter was ripe for disposition by this Court when Dana filed for Bankruptcy on March 3, 2006 (Exhibit C).[2] Mr. Wadsworth filed a proof of claim in the Bankruptcy Court on September 19, 2006. As set forth below in detail, following several orders of that Court, Mr. Wadsworth's claim was expunged and finally disallowed on February 1, 2008. This includes an injunction precluding further litigation of pre-petition claims. Dana emerged from Bankruptcy on or around December 27, 2007. Given what has transpired to date, and that Dana would face

---

[1] For purposes of this Opposition only, Dana takes no position as to whether the Weber Gallagher firm can file a motion to withdraw attorney Thomas Butler as counsel in this case, given that its moving papers make clear he no longer has anything to do with the Firm. That Mr. Butler does not provide any material with the Motion raises a different issue of whether he has an independent duty to remain as counsel in this case. Given the other arguments raised in this Response, Dana asks only that the Court preserve for another day, if necessary, a more detailed inquiry into whether Mr. Butler should remain or is capable of remaining as counsel in this matter.

[2] Mr. Butler, while a Partner in the Weber Gallagher Firm, filed Objections to the Report and Recommendation on February 8, 2006 (Exhibit B (Docket No. 31)) and Dana filed its Reply on February 23, 2006 (Exhibit L Docket No. 32-1)).

substantial prejudice in litigating this case against an unrepresented party, the Motion should be denied.  Nevertheless, Dana respectfully submits that this matter and the difficult issues underlying the Motion may be moot if this Court grants Dana's Motion for Summary Judgment, as the case has been discharged in the Bankruptcy Court.

## II.  RELEVANT PROCEDURAL EVENTS IN THIS CIVIL ACTION AND DANA'S BANKRUPTCY PROCEEDINGS

There are events in both the discovery phase of this Civil Action and Dana's Chapter 11 Bankruptcy Reorganization in the Southern District of New York that bear on the Weber Gallagher Motion and Dana's Motion for Summary Judgment.

### A.  Procedural Events in this Civil Action.

The relevant procedural history of this matter is set forth in the Report and Recommendation. (Exhibit A).  In summary, Mr. Wadsworth filed suit on November 30, 2004, claiming to have been the victim of same gender harassment at the Dana Pottstown, in violation of Title VII, 42 U.S.C. §§ 2000e *et seq*.  After a Motion to Dismiss, which it ultimately withdrew, Dana timely answered on April 4, 2005 (Docket No. 17) and denied all liability. Thereafter, Mr. Wadsworth ignored three of the Court's scheduling order.  *See* Exhibit A.  He failed to provide Rule 26 Disclosures, did not respond to Dana's discovery, blocked access to medical information germane to his damages claim and failed to attend his deposition.  All of this despite repeated case management by the Magistrate Judge and several extension of deadlines at Mr. Wadsworth's request.  As Chief Magistrate Judge Angell described the situation, it was one of the two most flagrant disregards of a Court's orders in all her time on the federal bench:

> As I stated at the Hearing, this is perhaps the second time in all my
> years as a Untied States Magistrate Judge that I have encountered
> "such a protracted and what appears to me  . . . flagrant failure to
> comply with even the simplest portion of the discovery process."

- 4 -

Exhibit A (citing December 5, 2005 Hearing Tr. at p. 10).  This followed numerous telephone conferences with the Court.  In addition, Mr. Butler made specific representations to the Court that another attorney in his firm was going to help resolve the many discovery problems that he was creating.  *See* Exhibit A at p. 13.  That Mr. Butler was a member of the Weber Gallagher firm weighed in the Court's decision to recommend the discovery sanction of dismissal.  *See* Exhibit A at pp. 13-14.

As noted Chief Magistrate M. Faith Angell issued her Report and Recommendation on January 19, 2006, recommending that this Court dismiss Mr. Wadsworth's claim as a discovery sanction.  Plaintiff's counsel timely filed Responses and Objections with the Court on February 8, 2006  (Exhibit B) and Dana filed its Response on February 23, 2006 (Exhibit L (exclusive of then e-filed attachments 1-14)).  That was the last substantive activity in this matter until the present filing by Weber Gallagher.

On March 3, 2006, Dana filed for bankruptcy.  *See* Exhibit C (Bankruptcy Petition).  On June 15, 2006, Dana filed a Notice of Suggestion of Bankruptcy (Doc. No. 33), and on July 10, 2006, this Court placed the matter in civil suspense (Doc. No. 34).  On December 13, 2007, Mr. Simpson (of the Weber Gallagher Firm) wrote the undersigned stating that Mr. Butler had resigned from the firm and that they were awaiting instructions from their client as to whether the file would be transferred to Mr. Butler or retained by the Firm.  *See* Exhibit J.  Until the present motion, that was the last communication this Firm had on this matter from either Mr. Butler or any attorney still with the Weber Gallagher firm.

### B. Relevant Activities in Dana's Chapter 11 Bankruptcy Filing in the Southern District of New York.

On July 19, 2006, the Bankruptcy Court set September 21, 2006, as the deadline for filing proofs of claims. (Exhibit D). Mr. Wadsworth availed himself of that Court's jurisdiction and submitted a proof of claim on September 19, 2006 (Exhibit E). On October 5, 2007, Dana's outside Bankruptcy Counsel at the Jones Day Law Firm served Notice on 253 potential claim holders that their claims were subject to expungement and discharge (Exhibit F). Mr. Wadsworth's claim in that notice Notice. *See* Exhibit F at p. 36. On November 15, 2007, the Bankruptcy Court removed some of the noticed claims, but dismissed by Court Order most of the claims included in the October 5, 2007 Notice. Mr. Wadsworth's claim was specifically discharged. *See* Exhibit G at p. 42. It reflected notice to the address Mr. Wadsworth included in his proof of claim. (*Compare* Exhibits E and G at p. 36 of attached Exhibit A). The Court's Order specifically disallowed his claim:

> 3. Each of the Claims identified on Exhibit A attached hereto and incorporated herein by reference is disallowed and expunged in its entirety, pursuant to section 502 of the Bankruptcy Code.

Exhibit G at p. 3. On December 26, 2007, the Bankruptcy Court confirmed the Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession (Exhibit H).

On February 1, 2008, the Reorganized Debtors filed and served the Notice of Effective Date of Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession (Exhibit I). The Disallowance Order disallowed and expunged Plaintiff John Wadsworth's claim and, accordingly, Mr. Wadsworth is entitled no distribution under the Plan and Confirmation Order.

As described in the February 1, 2008 Disallowance Order (Exhibit I), the Plan and Confirmation Order discharged all claims, including the claim by Plaintiff John Wadsworth, and

enters an injunction from continuing this Action. As such, Mr. Wadsworth's pre-petition claims are barred, as this case should not be permitted to proceed on the merits, regardless of who is Mr. Wadsworth's counsel.[3]

## III. ARGUMENT WHY THE MOTION TO WITHDRAW SHOULD BE DENIED.

Based upon the foregoing material, this Court should deny the Weber Gallagher Motion and grant Summary Judgment with the Gallagher Weber Firm and Mr. Butler as the last counsel of record for Mr. Wadsworth. This Court can grant Summary Judgment given the record and attached materials under Fed. R. Civ. P. 56, because Mr. Wadsworth cannot state a claim upon which relief can be granted.

### A. Standard for Entry of Summary Judgment

A court should grant summary judgment where the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hersh v. Allen Prods. Co.*, 789 F.2d 230 (3d Cir. 1986). The moving party may show that no genuine issue of material fact exists by showing that there is insufficient evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has carried its burden, the burden shifts to the non-moving party to present evidence showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

---

[3] Moreover, the prejudice that Dana's counsel forewarned in the December 2005 hearing before the Magistrate Judge has developed. As the attached Declaration of In-house Counsel and Director-Labor and Benefits Gary Golden sets forth, the HR Manager at Dana's facility who handled almost all of the company's dealings with Mr. Wadsworth passed away and her primary assistant left Dana in December 2007. *See* Exhibit K. As such, the Plaintiff's failure to timely complete discovery in 2005, would make it nearly impossible for Dana to adequately defend itself.

475 U.S. 574, 586 (1986). Unsupported assertions, conclusory allegations, or mere suspicions are insufficient to survive a motion for summary judgment. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989). Because there is no admissible evidence that would contradict the facts and documents filed in the United States Bankruptcy Court for the Southern District of New York, Summary Judgment is warranted in this case.

  **B.** **The Rulings in the Bankruptcy Court Render Moot the Weber Gallagher Motion.**

As noted above, this Court can deny the motion as moot upon a finding that the underlying claim has been disallowed as a matter of law since November 15, 2007, at the earliest (Exhibit G), or February 1, 2008, most recently. The Bankruptcy Court's Disallowance Order of February 1, 2008 specifically enjoins Mr. Wadsworth as a claimant from pursuing relief for pre-petition activity. (Exhibit I). These rulings should render moot the issue of whether the Weber Gallagher law firm should be allowed to withdraw because there is nothing else for it to do in this case.

Under Chapter 11 of the Bankruptcy Code, "the confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation." 11 U.S.C. § 1141(d)(1)(A). In *Flake v. United States Department of Labor,* 248 Fed. Appx. 287, 2007 U.S. App. LEXIS 22552 (3d Cir. Sept. 21, 2007), an employee attempted to sue his former employer, New World Pasta Company, under the whistleblower protections in the Sarbanes-Oxley Act. Mr. Flake claimed that he was fired for whistleblower activities. On November 11, 2002, he filed a complaint with the Occupational Safety and Health Administration pursuant to the whistleblower protections in the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A. OSHA investigated the complaint and found no violation. Flake appealed to an Administrative Law Judge, who granted his former employer's motion for summary judgment on July 7, 2003. Mr.

Flake appealed to the Administrative Review Board on July 21, 2003, which affirmed the findings of the ALJ.

Thereafter, on May 10, 2004, New World Pasta filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code. Mr. Flake was served with a notice of the bankruptcy case by mail. Mr. Flake's case was stayed in bankruptcy. Thereafter, New World Pasta emerged from bankruptcy on December 7, 20005, and the plan of reorganization discharged all pre-petition claims against the company and enjoined the prosecution of discharged claims. 11 U.S.C. §§ 1141, 524. The Court of Appeals for the Third Circuit held:

> As a known creditor of New World Pasta, Flake was entitled to actual written notice of the bankruptcy filing and bar date for claims. *See, e.g.*, *City of New York v. New York, N.H. & H.R. Co.,* 344 U.S. 293, 296, 73 S. Ct. 299, 97 L. Ed. 333 (1953); *Chemetron Corp. v. Jones,* 72 F.3d 341, 346 (3d Cir. 1995). The bankruptcy filings indicate that he was served with the requisite notice, and he does not suggest otherwise. To the contrary, Flake wrote to this Court that he had been "informed by counsel for New World Pasta Corporation that they have filed for bankruptcy," and expressed his opinion that his "appeal must be stayed pending the completion of the bankruptcy proceeding." His letter was construed as a suggestion of bankruptcy and was accepted. Accordingly, Flake received due process of law. *See, e.g., Jones v. Chemetron Corp.,* 212 F.3d 199, 209 (3d Cir. 2000) ("[I]f a potential claimant lacks sufficient notice of a bankruptcy proceeding, due process considerations dictate that his or her claim cannot be discharged by a confirmation order.").

In the case presently before the Court, and as the attached exhibits demonstrate, Mr. Wadsworth not only received actual written notice of the bankruptcy filing and bar date, but he timely filed a proof of claim. In addition, Mr. Wadsworth's claim was listed as one that was to be discharged and he was served with that notice. Therefore, Mr. Wadsworth received all the due process required by the bankruptcy laws and, because his claim was discharged in

028117.00610/21672659v.3

bankruptcy and Dana's reorganization plan was confirmed by the Bankruptcy Court, Mr. Wadsworth can no longer pursue his claims against the Defendants in this matter.

### C. The Motion Also Should Be Denied Under the Standards of Local Rule 5.1(c).

The Bankruptcy bar aside, the Weber Gallagher Motion should be denied for failing to meet the criteria applicable to withdrawal of counsel under Local 5.1(c). While neither Dana nor the undersigned relish arguing that a firm should keep a client it does not want; allowing Weber Gallagher out of this matter will only make things worse.

Local Rule 5.1(c) states: "[a]n attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this Court shall at the same time enter an appearance for the same party." Upon a petition by an attorney to withdraw from representation of a client, the Court must assess the request pursuant to Pennsylvania Rule of Professional Conduct 1.16(b) and the Court's Local Rule of Civil Procedure 5.1(c). *Taylor v. Stewart,* 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998). The Pennsylvania Rules of Professional Conduct are applicable in this Court pursuant to Local Rule of Civil Procedure 83.6 (Rule IV).

Under Pennsylvania law, a client may terminate the relationship with her lawyer at any time; however, the lawyer may only withdraw from the representation "for reasonable cause and upon reasonable notice." *Novinger v. E.I. DuPont De Nemours & Co., Inc.,* 809 F.2d 212, 218 (3d Cir. 1987) (*citing Spector v. Greenstein,* 85 Pa. Super. 177 (1925)).

In analyzing the factors for consideration of a motion to withdraw under Local Rule 5.1(c), a court must weigh four factors in deciding whether withdrawal is appropriate: (1) the reason for which withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the action. *Taylor v. Stewart,* 20 F. Supp. 2d 882 (E.D. Pa. 1998).

Additionally, the Pennsylvania Rules of Professional Conduct, Rule 1.16(b), provide that a lawyer may withdraw from representing a client if: . . . (6) other good cause for withdrawal exists.

Withdrawal at this time will prejudice the parties if the matter somehow proceeds around the Bankruptcy Bar. Dropping Mr. Wadsworth as a client simply forces him to litigate this case on his own, after the conduct of the Weber Gallagher firm thus far in this case, may prejudice Mr. Wadsworth. The other points with regard to interference with administration of justice and delaying the action should be resolved by the Court granting Defendants Summary Judgment due to the expungement of Mr. Wadsworth's claim in the United States Bankruptcy Court. In this case, the Weber Gallagher firm fails to articulate a good reason for the withdrawal. The Chubb Group is not a party to this litigation and, to the knowledge of the undersigned, the Chubb Group has no involvement with this matter and there is no showing of any effort to seek waiver of a potential client from the Chubb Group. Additionally, the Weber Gallagher firm's proffered withdrawal from this case would appear to violate the so-called "hot potato rule," under which a lawyer "may not drop one client like a 'hot potato' in order to avoid a conflict with another, more remunerative client." *International Longshoremen's Ass'n, Local Union 1332 v. International Longshoremen's Ass'n,* 909 F. Supp. 287, 293 (E.D. Pa. 1995). *See also Pyle v. Meritor Sav. Bank,* 1993 U.S. Dist. LEXIS 16593, at *2 n.2 (E.D. Pa. Nov. 23, 1993) (law firm may not undertake representation of two potentially adverse clients and then, when a conflict arises, choose between the clients); *Santacroce v. Neff,* 134 F. Supp. 2d 366, 370-71 (D.N.J. 2001) (applying "hot potato" rule to preclude law firm from dropping one client to avoid conflict with another client). Notably absent is any justification why attorney Thomas Butler, Esquire, "is not willing to continue to represent the plaintiff in this matter." Weber Gallagher Motion, ¶

9. This is insufficient to support the Motion to allow Mr. Wadsworth to revert to being a *pro se* litigant.

## IV.    CONCLUSION

As the Weber Gallagher Motion and the Report and Recommendation make clear, there are a number of issues related to how attorney Butler represented the Firm's client.  So long as this case concludes on the merits, the ultimate responsibility for these matters is truly none of Dana's concern.  However, if this case continues before this Court, simply allowing Weber Gallagher and/or Mr. Butler to "walk away" will cause Dana undue prejudice it should not endure.

For the foregoing reasons, Dana requests that this Court grant its Motion for Summary Judgment Mr. Wadsworth's Civil Action and deny the Weber Gallagher Motion as moot.  In the alternative, Dana respectfully requests that this Court deny the Weber Gallagher Motion and schedule a hearing to discuss the ensuing procedures for this case.

        Respectfully submitted,

        ELECTRONICALLY FILED

        *Scott F. Cooper* (e-signed)
        SCOTT F. COOPER, ESQUIRE
        SCOTT A. MAYER, ESQUIRE
        Blank Rome LLP
        One Logan Square
        Philadelphia, Pennsylvania  19103-6998
        215.569.5487/5616 (phone)
        215.832.5487/5616 (fax)
        Attorneys for Defendants
        Dana Corporation and
        Torque Traction Manufacturing, Inc.

Dated: *March 12, 2008*

## CERTIFICATE OF SERVICE

I, Scott A. Mayer, certify that I caused a true and correct copy of Defendants' Motion for Summary Judgment, Combined Opposition By Defendants To The Motion Of The Law Firm Of Weber Gallagher Simpson Stapleton Fires & Newby, LLP And Thomas Butler To Withdraw As Counsel For Plaintiff And Memorandum Of Law In Support Of Defendants' Motion For Summary Judgment with Exhibits, a Proposed Order, and this Certificate of Service to be served, by United States Mail, as follows:

> Warren L. Sampson, Esquire
> Weber Gallagher Simpson Stapleton Fires & Newby LLP
> 2000 Market Street, Suite 1300
> Philadelphia, Pa  19103

> Thomas E. Butler, Jr., Esquire
> 1811 Bethlehem Pike, Suite 350
> Flourtown, PA 19031

I further certify that this document has been filed electronically and is available for viewing and downloading from the Electronic Case Filing (ECF) system.

>    /s/ Scott A. Mayer
> SCOTT A. MAYER, ESQUIRE
> Blank Rome LLP
> One Logan Square
> Philadelphia, Pennsylvania  19103-6998
> 215.569.5616 (phone)
> 215.832.5616487 (fax)
> Attorneys for Defendants
> Dana Corporation and
> Torque Traction Manufacturing, Inc.

Dated: *March 12, 2008*

*Wadsworth v. Dana Corp, et al.*, Docket No. 2:04-cv-05538-LP
Defendants' Opposition to Plaintiff's Counsel's Motion to Withdraw as Counsel
028117.00610/21672659v.3